**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **26-CR-440** |
| **JABARI SAVAGE** | : | |

**<u>GOVERNMENT'S MOTION FOR PRETRIAL DETENTION</u>**

Defendant Jabari Savage, a convicted drug trafficker, stands before the Court having been indicted once again, this time for conspiring to distribute more than five kilograms of cocaine onto the streets of Philadelphia. In addition to his participation in a million-dollar cocaine distribution conspiracy for which he was indicted, at the time of his arrest, agents discovered a loaded handgun, and evidence of an elaborate drug trafficking operation inside the defendant's apartment, including additional bulk cocaine and "crack" cocaine, individual containers of "crack" cocaine, packaged for sale, bulk cash totaling more than $20,000, and many other items used to sell drugs.

An examination of the defendant's prior record demonstrates that the instant offense occurred while the defendant was on probation, clearly demonstrating the defendant's unwillingness to conform his conduct to the requirements imposed upon the defendant in connection with a criminal proceeding.

This is further evidenced by the defendant's outright lies to pretrial services, and in turn, this Court. Indeed, the defendant concealed assets and was deliberately vague with pretrial services. In reality, the defendant, his co-conspirators, and their organization possess the means to flee and hide from investigators, the ability to fight if necessary, and international connections which would make apprehension difficult, if not impossible. Because no condition or

combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant. The government further requests that the Court honor the aptly applicable presumption to detain the defendant pending trial.

## I. THE FACTS

As detailed in the indictment, the defendant and his co-conspirators were responsible for distributing millions of dollars' worth of cocaine every month, all of which they sourced directly from a Mexican cartel. The organization was incredibly security conscious, using numerous phones and encrypted communications apps, as well as FaceTime and other video applications to avoid interception and detection. Meetings occurred in secret, in vehicles, or in specifically chosen locations designed to thwart surveillance.

The organization was also capable of violence, if necessary, and several co-defendants were arrested with firearms in their possession. Two conspirators, Shawn Bell and William Mack[1] are convicted murderers. Another defendant, Renard Brown, was implicated in a third murder.

In support of this motion, the government makes the following representations and proposed findings of fact:

### A. Probable Cause and The Evidence In This Case

1. There is probable cause to believe that the defendant violated that the defendant violated Title 21, United States Code, Section 846, as charged in the indictment filed on September 16, 2026. As the defendant is charged with a controlled substance offense with a

---

[1] Mack is charged elsewhere at 25-cr-504.

maximum term of imprisonment greater than ten years, there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A).

2. The evidence in this case is overwhelming. At the center of this elaborate and exclusive conspiracy was Gregory Jones, a federally convicted drug trafficker, recently released after receiving a Presidential commutation in 2022. With permission from this Court, the Federal Bureau of Investigation ("FBI") installed covert audio and video recording devices within the passenger compartment of Jones' BMW. For nearly four months, the FBI watched and listened as Jones operated his multi-million-dollar drug empire, conspired with foreign drug traffickers, and met with his extensive network of drug trafficker customers, including the defendant. For example, on March 17, 2026, the defendant met with Jones inside Jones' BMW. During the meeting, agents monitoring communications inside Jones' BMW observed the defendant purchase two kilograms of cocaine from Jones. Over the next several months, the FBI continued to monitor the defendant, including on May 14, 2026, when he again met with Jones, this time, to make a large cash payments to Jones for previously supplied cocaine. Both the March 17, 2026, and May 14, 2026, meetings are depicted in Exhibit A. Significantly, at the time of his arrest, the defendant was wearing the same sweatshirt he was wearing during the March 17, 2026, meeting.

**B. <u>Maximum Penalties</u>**

The total maximum penalty defendant faces is: life imprisonment, including a mandatory minimum of 15 years' imprisonment. As this organization is responsible for distributing hundreds of kilograms, the government estimates the defendant's guidelines range is 210 to 262 months' imprisonment. This lengthy term of imprisonment creates a strong incentive to flee. Significantly, these guidelines do not account for the firearm and drugs, and drug trafficking

evidence found at the time of his arrest. The firearm alone will add an additional five years' imprisonment that must be served consecutively to the defendant's sentence.

**C. Criminal Record**

As noted above, the defendant is a convicted drug trafficker and felon. In 2012, he was convicted of possession with intent to distribute a controlled substance in the Pennsylvania Court of Common Pleas of Philadelphia County and was sentenced to 1.5 to 3 years' imprisonment. In 2024, the defendant was accepted to the accelerated rehabilitative disposition program following his arrest for driving under the influence and was sentenced to 12 months' probation. Accordingly, the defendant was on probation from August 2024 to August 2025, which is during the time of the conspiracy alleged in the indictment.

**D. Prior History of Failures to Appear and Abide by Court Supervision**

The crimes detailed above all occurred while the defendant was under court supervision and on Philadelphia County probation.

**E. Lack Of Community Ties/Employment**

The defendant reports lifelong ties to the Philadelphia area. He is 46-years old and a father of two. He reports to pretrial services that he is unemployed and has been for 23 years. Despite never having worked a legitimate job in his lifetime, the defendant lives in a newly renovated two-bedroom apartment that rents for $2,400 a month. Amenities include a rooftop deck and fitness center. He drives a 2025 Chevy Tahoe with a starting sticker price of $63,000. Although he initially did not report it to pretrial services, he also owns a 2018 Jeep. At the time of his arrest, agents found inside his apartment approximately $20,000 in bulk cash, and a Rolex watch with an appraisal slip valued at $8,000. The defendant also reports a history of international travel to Columbia, the Dominican Republic, Jamaica, and Mexico. The

defendant's assets and lifestyle are not supported by *legitimate* employment. Rather, they are supported by his illegitimate employment as a drug dealer. It is no secret how the defendant supported himself for the past 20 years. He sells drugs.

### F. Danger to the Community

Despite the defendant's status as a convicted felon, at the time of his arrest agents recovered a loaded handgun and numerous rounds of ammunition from within the defendant's apartment where he concedes that he resides alone. The firearm was found in the kitchen area, in close proximity to what was clearly an elaborate drug trafficking operation, including: an additional 600 grams of cocaine; 164 grams of bulk "crack" cocaine; hundreds of flip-top contained, each containing approximately .05 grams of "crack" cocaine, all packaged for individual sale; new and unused packaging materials; a scale with white reside; a razor blade; rubber bands; a money counter; approximately $20,000 in bulk cash; and a Rolex watch.[2] The defendant admitted to pretrial services that he does not use drugs. Instead, the evidence shows that he sells him. The defendant's access to firearms as a prolific drug trafficker creates a significant danger to the community.

## II. CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community. This Court's pretrial services officer reached the same conclusion, which the government respectfully urges this Court to adopt.

---

[2] This information was disclosed to pretrial services, however there was no mention of the firearm, controlled substances, or watch in the amended report.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

DAVID METCALF
United States Attorney

LAUREN E. STRAM
CHRISTOPHER E. PARISI
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **26-CR-440** |
| | **:** | |
| **JABARI SAVAGE** | | |

**PRETRIAL DETENTION ORDER**

AND NOW, this day of September, 2026, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

i) There is probable cause to believe that the defendant has violated 21 U.S.C. § 846.

ii) The evidence in this case is strong. The defendant was intercepted by both audio- and video-recording devices for months as he bought kilograms of cocaine for distribution throughout Philadelphia.

iii) The total maximum statutory penalty defendant faces is life imprisonment, including a mandatory term of 15 years. The estimated guidelines range for the offenses charged is 210 to 262 months imprisonment. Accordingly, the defendant has a substantial incentive to flee.

iv) The defendant has a significant criminal history, including a prior conviction for drug trafficking, and a history of failing to abide by court supervision.

v) The defendant's access to firearms, including one found in his possession at the time of his arrest, creates a danger to the community.

vi) The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

vii) As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

________________________________________

HONORABLE ELIZABETH L. TOPLIN
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic filing, to counsel of record.

Lauren Stram

LAUREN STRAM
Assistant United States Attorney

Date: September 28, 2026